# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: PRADAXA (DABIGATRAN ETEXILATE)**
**PRODUCTS LIABILITY LITIGATION**

Kathryn Zaite v. Carla J. Long, et al., D. Nevada,       )
       C.A. No. 2:13-00384             )           MDL No. 2385

## TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Panel Rule 7.1, plaintiff in a District of Nevada action moves to vacate our order that conditionally transferred her action to MDL No. 2385. Defendants Boehringer Ingelheim Pharmaceuticals, Inc., and Carla J. Long oppose the motion.

After considering all argument of counsel, we find that this action involves common questions of fact with the actions previously transferred to MDL No. 2385, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the Southern District of Illinois was an appropriate Section 1407 forum for actions sharing factual questions arising out of allegations that plaintiffs suffered severe bleeding or other injuries as a result of taking the drug Pradaxa (dabigatran etexilate), that defendants did not adequately warn prescribing physicians of the risks associated with Pradaxa, including the potential for severe or fatal bleeding, and that there is no reversal agent to counteract Pradaxa's anticoagulation effects. This action involves virtually identical allegations that decedent suffered severe bleeding as a result of ingesting Pradaxa and thus falls squarely within the subject matter of the MDL.

Plaintiff bases her arguments against transfer primarily on the pendency of a motion to remand the action to state court, suggesting that the transferor court should first decide this motion. We have repeatedly held, however, that a motion for remand alone is generally an insufficient basis to vacate a conditional transfer order.[1] Plaintiff can present her motion for remand to the transferee judge. *See, e.g.*, *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

---

[*] Judge Kathryn H. Vratil took no part in the decision of this matter.

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court wishing to rule upon the remand motion generally has adequate time in which to do so.

-2-

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Southern District of Illinois and, with the consent of that court, assigned to the Honorable David R. Herndon for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
                    John G. Heyburn II
                        Chairman

| | |
|---|---|
| W. Royal Furgeson, Jr. | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | |