UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

_____

| | | |
|---|---|---|
| IN RE PRADAXA | ) | MDL No. 2385 |
| (DABIGATRAN ETEXILATE) | ) | 3:12-md-02385-DRH-SCW |
| PRODUCTS LIABILITY | ) | Judge David R. Herndon |
| LITIGATION | ) | |

_____

**This Document Relates to:**

*Zaite v. Long et al.*, No. 3:13-cv-60021-DRH-SCW

### ORDER GRANTING REMAND TO STATE COURT

**HERNDON, Chief Judge:**

### I.  INTRODUCTION

This matter is before the Court on the motion for remand to state court brought by plaintiff Kathryn Zaite, individually, and as Special Administratrix of the Estate of Irma Toth, deceased. The plaintiff filed her complaint against defendants Carla J. Long; Boehringer Ingelheim International GmbH ("BII") and Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI") in Nevada State Court. In this case, Kathryn Zaite seeks damages on behalf of Irma Toth for injuries allegedly caused by the decedent's ingestion of Pradaxa (manufactured and/or distributed by BIPI and BII).

BIPI removed the case to the United States District Court for the District of Nevada on the basis of diversity jurisdiction (Doc. 1). The action was subsequently transferred to this MDL by the JPML. BIPI contends that the only

non-diverse defendant, Carla J. Long (a citizen of Nevada), was fraudulently joined and therefore her citizenship should be disregarded for purposes of assessing diversity jurisdiction. Carla J. Long is a BIPI sales representative. Ms. Zaite moves to remand, arguing that her claims against Ms. Long are viable under Nevada state law.

## II.  ANALYSIS

### A.  Governing Substantive Law

The parties agree that the plaintiff's claims are governed by Nevada substantive law. Accordingly, the Court need not undertake a lengthy choice-of-law analysis and may presume that the claims are governed by the substantive law of Nevada. *See Employers Mut. Cas. Co. v. Skoutaris,* 453 F.3d 915, 923 (7th Cir. 2006) (where neither party raised conflict of law issue in diversity action, law of forum state governed).

### B. Legal Standard

A plaintiff may not sue a non-diverse "defendant solely for the purpose of defeating federal diversity jurisdiction." *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir.1999) (*citing Gottlieb v. Westin Hotel*, 990 F.2d 323, 327 (7th Cir. 1993)). "Such joinder is considered fraudulent, and is therefore disregarded, if the [diverse] defendant can show there exists no 'reasonable possibility that a state court would rule against the [non-diverse] defendant.' " *Schwartz*, 174 F.3d at 878 (*quoting Poulos v. Naas Foods, Inc.*, 959

F.2d 69, 73 (7th Cir.1992)); *see also Morris v. Nuzzo*, 718 F.3d 660, 671 n. 5 (7th Cir.2013) ("We stick exclusively to our own 'any reasonable possibility' test in this opinion...."). A defendant "bear[s] a heavy burden to establish fraudulent joinder," and courts must "resolv[e] all issues of fact and law in favor of the plaintiff." *Poulos*, 959 F.2d at 73. The Seventh Circuit has suggested that this "burden is even more favorable to the plaintiff than the standard that applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b) (6)." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 764 (7th Cir.2009).

**C.  Motion for Remand**

Ms. Zaite contends that Ms. Long is the sales representative who marketed and distributed Pradaxa for BIPI and BII in Clark County Nevada (the same county where the decedent and her care providers allegedly resided at all relevant times). Ms. Clark has alleged, *inter alia,* that Ms. Long knew that there was an increased bleeding risk associated with Pradaxa and failed to adequately warn the decedent's physician, to whom she personally marketed Pradaxa, about those risks. Ms. Zaite asserts claims against Ms. Long sounding in strict liability, negligence, warranty, and fraud and misrepresentation.

When deciding a diversity case on the merits, where state law provides the rule of decision, the task of the federal court is to predict the state supreme court's most likely decision on questions of law that are presented. *E.g., Klunk v. County of St. Joseph*, 170 F.3d 772, 777 (7th Cir. 1999). In deciding fraudulent

joinder, however, the task of the court is different. As discussed above, Ms. Zaite is entitled to the benefit of the doubt on fairly debatable questions of both fact and law. *Poulos*, 959 F.2d at 73. In other words, if Ms. Zaite can show that the treatment of her case under state law is fairly debatable, then the debate should take place in the state courts rather than the federal courts.

In the instant case, Ms. Zaite has shown that the question of whether a sales representative may be subject to liability has not been definitively decided by Nevada courts. *See e.g.*, *Rundle v. Depuy Orthopaedics, Inc.*, 2011 WL 3022569 (D. Nev. July 6, 2011) (Foley, M.J.) (not reported) (finding that under facts alleged, sales representative was not fraudulently joined because question of sales representative liability in Nevada is unsettled); *Moore v. Medtronic, Inc.*, 2006 WL 1795861 (D. Nev. June 28, 2006) (Dawson, J.) ("Nevada case law has not addressed whether a sales representative for a manufacturer can be considered a 'seller' for purposes of liability under a strict products liability theory" and granting motion to remand); *Thompson v. Medtronic, Inc*., 2006 WL 3544937 (D. Nev. December 8, 2006) (Jones, J.) (acknowledging that Nevada case law does not expressly address whether a sales representative for a manufacturer may be a 'seller' for the purpose of strict product liability but declining to remand because there was not a sufficient casual nexus between the plaintiffs' claims and the allegedly wrongful conduct of the sales representative).

Here, Ms. Zaite has alleged sufficient facts to establish a causal nexus between her claims and Ms. Long's allegedly wrongful conduct. Given that Nevada

law on the issue of a sales representative's liability is unsettled, the Court must remand the case to Nevada State Court. This is consistent with the Seventh Circuit's directive to resolve any ambiguities in the pertinent state law in favor of remand. *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992) (to prove fraudulent joinder "[t]he defendant must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant.") (emphasis in original).

### III.  CONCLUSION

For the reasons discussed herein, the motion to remand is **GRANTED**. The Clerk is instructed to **REMAND** this case back to Eighth Judicial District Court for Clark county Nevada.  The Court will not award attorneys' fees and costs associated with Plaintiff's Motion to Remand.

**SO ORDERED:**

Digitally signed by
David R. Herndon
Date: 2013.10.11
14:02:07 -05'00'

**Chief Judge**                                                                                     Date:  October 11, 2013
**United States District Court**